E-FILED
Thursday, 30 April, 2026  09:47:16 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

LUCY CLARK,
    Plaintiff,

v.

MICHAEL ROSENTHAL, *et al.*,
    Defendants.

Case No. 1:26-cv-1171

**Order**

Now before the Court is the Plaintiff, Lucy Clark's Application to Proceed in the District Court Without Prepaying Fees or Costs. (D. 2).[1] For the reasons set forth below, the Plaintiff's application to proceed *in forma pauperis* (IFP) is denied.

**I**

"The federal IFP statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

(7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Here, even construing the Complaint (D. 1) in the light most favorable to the Plaintiff, the allegations do not approach a plausible claim for relief. The Complaint provides—in totality—that "1. Defendant Kevin Mcclanahan violated due process, 2. Defendant Michael Rosenthal conspired with Kevin Mcclanahan, 2. Plaintiff demands an award to be decided by the Court." *Id*. It is entirely unclear how the Defendants allegedly violated due process, on what basis the Plaintiff suffered damages (or requires injunctive relief), and how or why the Defendants are liable for those damages. The Complaint is completely devoid of any underlying facts, how those facts square with the elements of a due process violation, and practically every other element of a well-pleaded Complaint.

Accordingly, the Plaintiff's Motion to proceed IFP is denied, as there is currently no viable complaint on which this case may proceed. *See Van Brunt v. Wisconsin*, No. 09-CV-644-BBC, 2009 WL 3617649, at *2 (W.D. Wis. Oct. 29, 2009) (denying motion to proceed IFP because the "plaintiff's complaint alleges only factually baseless claims"); *see also Neal v. Miller*, 542 F. Supp. 79, 81 (S.D. Ill. 1982) (denying motion to proceed IFP because the "Plaintiff's claim is wholly without merit").

## II

For the reasons set forth above, the Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2) is denied, and her Complaint (D. 1) is dismissed without prejudice. The Plaintiff is granted leave to renew the pending Motion and amend her Complaint within 21 days if she believes she can state a claim in accordance with this order.

*It is so ordered.*

Entered on April 30, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE